**EMILY'S LIST, Appellant**

v.

**FEDERAL ELECTION COMMISSION, Appellee.**

No. 05–5160.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2005.

Robert F. Bauer, Perkins Coie, Washington, DC, for Plaintiff–Appellant.

David Brett Kolker, Attorney, Richard Blair Bader, Associate General Counsel, Federal Election Commission, Washington, DC, for Defendant–Appellee.

Trevor Alexander M. Potter, Caplin & Drysdale, Donald Jay Simon, Sonosky Chambers Sachse Endreson & Perry, Fred Wertheimer, Lawrence Mark Noble, Washington, DC, for Amicus Curiae.

Before: GINSBURG, Chief Judge, SENTELLE, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the order of the district court denying preliminary injunctive relief be affirmed.

When considering a request for injunctive relief the court must weigh whether: (1) the movant has a substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury absent an injunction; (3) an injunction would substantially injure other interested parties; and (4) an injunction would further the public interest. *See CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir.1995). Considering the evidence of irreparable harm submitted by EMILY's List and its likelihood of prevailing on the merits in light of *McConnell v. FEC,* 540 U.S. 93, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003), we cannot say the district court abused its discretion in denying injunctive relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.